UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

NOLAN KLINKER,

Plaintiff,

v.

DOE, TYLER GREGORY,

Defendants.

Case No. 4:26-CV-020-GSL-JEM

**OPINION AND ORDER**

This matter is before the Court on Defendant Tyler Gregory's Motion for Judgment on the Pleadings. Defendant filed the Motion and supporting memorandum on October 7, 2026. [DE 49-50]. Plaintiff failed to respond within the time permitted. Having reviewed the relevant filings, the Court is ready to rule.

**BACKGROUND**

Plaintiff, proceeding *pro se*, initiated this lawsuit on November 18, 2025, alleging constitutional violations arising from his pretrial detention and subsequent court-imposed mental health treatment program. [DE 1]. Defendant's Complaint brought claims against Tippecanoe County, Valley Oaks Health, and Doe Officers. [*See id.*]. On April 28, 2026, Defendant filed a Third Amended Complaint ("Amended Complaint") adding Tyler Gregory, a Lafayette Police Department Officer, to the action. [DE 32]. The Amended Complaint brought a single count against Gregory, alleging that he used "materially unverified source information" in forming the probable cause for Defendant's arrest. [*Id.* at 24-25]. Defendant Gregory answered the Amended Complaint on June 29, 2026. [DE 44].

Defendants Tippecanoe County and Valley Oaks Health moved for dismissal on May 22, 2026 and May 28, 2026, respectively. [DE 37-40]. After Plaintiff failed to respond to either motion within the permitted time, the Court extended the time to respond to August 19, 2026. [DE 47]. Again, Plaintiff failed to respond. The Court dismissed Plaintiff's claims as to Defendants Tippecanoe and Valley Oaks Health on September 24, 2026. [DE 48].

As the only named defendant remaining in this matter, Defendant Gregory moved for Judgment on the Pleadings on October 7, 2026. [DE 49-50]. Defendant argues that dismissal is proper for two reasons. First, Gregory argues that Defendant's Fourth Amendment claim fails as a matter of law, because "the Fourth Amendment imposes no constitutional duty … to independently verify the identity of witnesses … [before] establish[ing] probable cause." [DE 50 at 2]. Second, Gregory argues qualified immunity bars Defendant's claim. [*Id.*].

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(c) provides that a party may move for judgment on the pleadings "[a]fter the pleadings are closed but early enough not to delay trial." Fed. R. Civ. P. 12(c). Rule 12(c) motions are "governed by the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Lodholtz v. York Risk Servs. Grp., Inc.*, 778 F.3d 635, 639 (7th Cir. 2015). The Court only may consider "the [complaint and answer] and any exhibits attached thereto," *Wolf v. Riverport Ins. Co.*, 132 F.4th 515, 519 (7th Cir. 2025), and will "view the facts in the complaint in the light most favorable to the nonmoving party …" *Dixon v. Ford Motor Credit Co.*, 2025 WL 1907297, at *1 (N.D. Ind. July 8, 2025) (citing *Buchanan-Moore v. Cnty. Of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)); *see also Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (holding that a challenged claim will survive a Rule 12(c) motion only when the plaintiff "pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged”).

**DISCUSSION**

As with the motions to dismiss filed by the now-terminated Valley Oaks Health and Tippecanoe County Defendants, Plaintiff has failed to respond to the present Motion. [*See* DE 50]. In fact, Plaintiff has not been active on this matter since July 2026. [DE 45]. Given Plaintiff’s failure to respond to three dismissal motions, it appears to the Court that Plaintiff may have abandoned prosecution of his claims.

However, given the Seventh Circuit’s holding in *Marcure v. Lynn* that Fed. R. Civ. P. 12(b)(6) “prevents courts from granting unopposed motions solely because there is no response,” the Court will still evaluate the substance of Defendant Gregory’s Motion. 992 F.3d 625, 632-33 (7th Cir. 2021). Although Defendant raises several grounds for dismissal, the Court finds that the qualified immunity argument is dispositive and requires dismissal. [DE 50 at 10-11].

The Court evaluates a Fed. R. Civ. P. 12(c) motion for a judgment on the pleadings like it would a 12(b)(6) motion to dismiss. *See Delgado v. Jones*, 282 F.3d 511, 515-16 (7th Cir. 2002). Where, as here, a defendant officer raises a qualified immunity defense, a claim will be dismissed unless the plaintiff can show that he (1) asserts a violation of a constitutional or statutory right and (2) that the relevant legal standards were clearly established at the time of defendant’s act. *Harrell v. Cook*, 169 F.3d 428, 431 (7th Cir. 1999). In evaluating qualified immunity, the Court must take careful consideration to construe Plaintiff’s claims “liberally … in the light most favorable to the plaintiffs.” *Id.* The inquiry is purely a legal one, and seeks to “weed out suits which fail the test without requiring a defendant who rightly claims qualified

immunity to engage in expensive and time consuming preparation to defend the suit on the merits." *Siegert v. Gilley*, 500 U.S. 226, 232 (1991).

Here, Plaintiff has at least nominally alleged the violation of a constitutional right. Plaintiff brings Count II against Defendant Gregory for "wrongful pretrial detention based upon unverified source information" under the Fourth Amendment. [DE 32 at 24-25]. More specifically, Plaintiff alleges that the interviews which formed the probable cause for Plaintiff's arrest had involved individuals "identified only by pen-and-paper rather than through inspection of government-issued identification." [*Id.* at 21]. The interviews apparently involved "a selective presentation of [the reporting party's] communication history." [*Id.*]. Construing this liberally, the Court understands Plaintiff's "concerns regarding the verifiability of other witnesses" to allege that he was arrested and detained without probable cause. [*Id.* at 19].

However, even taking Plaintiff's allegations against Defendant Gregory as true, Defendant's conduct did not "violate clearly established law." *Pearson v. Callahan*, 555 U.S. 223, 243-44 (2009). That determination turns on "the objective legal reasonableness of [an officer's] action, assessed in light of the legal rules that were clearly established at the time it was taken." *Id.* at 244 (citation omitted). As Defendant correctly argues, "[n]o such authority exists" suggesting that the Fourth Amendment "require[s] officers to independently verify witness identity through government-issued documentation before making a probable cause determination." [DE 50 at 10]. "When an officer receives information from a third party whom it seems reasonable to believe is telling the truth, the officer has probable cause to effectuate an arrest." *Sow v. Fortville Police Dept.*, 636 F.3d 293, 302 (7th Cir. 2011). Plaintiff admits that Defendant Gregory interviewed individuals, including the alleged victim, and reviewed text messages before determining that probable cause existed to arrest Plaintiff. [DE 32 at 20-21].

Plaintiff even states that Defendant "retrieve[d] identifying information for" the alleged victim. [*Id.* at 20-22]. Defendant's failure to also ask for government identification or take full possession of evidence does not violate "clearly established" Fourth Amendment law.

Therefore, even construing Plaintiff's pleadings liberally and assuming their truth, Plaintiff has not pleaded facts sufficient to allege that Defendant Gregory violated clearly established law. Defendant Gregory is entitled to qualified immunity.

## CONCLUSION

Defendant's Motion for Judgment on the Pleadings is **GRANTED**. Plaintiff's claim against Defendant Tyler Gregory is **DISMISSED** without prejudice. Plaintiff will have 14 days to amend his pleadings as they relate to Defendant Gregory. If Plaintiff does not file an amended complaint on or before December 7, 2026, the Court will direct the Clerk of Court to close the case without further notice to Plaintiff.

SO ORDERED.

ENTERED: November 23, 2026

/s/ GRETCHEN S. LUND
Judge
United States District Court